UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



GRANT ANDERSON, JR.,                )
                                    )
           Petitioner,              )
                                    )
    v.                              )   Civil Action No. 1:21-cv-00790 (UNA)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
           Respondent.              )

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for writ of audita querela under the All Writs Act, 28 U.S.C. § 1651(a), and application for leave to proceed *in forma pauperis*. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

In July 1988, petitioner was convicted on criminal charges in the Superior Court of the District of Columbia. It appears that he has since served his sentence and has been subsequently released. Petitioner now challenges the legitimacy of various aspects of his indictment, trial, conviction, sentencing, and direct appeal. He asks this Court to grant the writ of audita querela, and to hold a hearing in order to, ostensibly, grant relief from the judgment of conviction. This court lacks jurisdiction over the petition.

"While there is ample debate about the proper scope and use of the writ of audita querela, there is no debate that the only court with authority to grant the writ is the court that issued the underlying judgment or order that will be affected by granting the writ." *Aka v. Holder*, 2009 WL

2496712, at *1 (D.D.C. Aug. 13, 2009) (citing *United States v. Salgado*, 692 F. Supp. 1265, 1269 n.3 (E.D. Wash. 1988) ("The authorities are unanimous that only the court rendering judgment has the power to issue an extraordinary writ. Thus, § 1651 does not create jurisdiction, but merely allows a court to exercise continuing jurisdiction in aid of, or in supervising, its own judgments."); *Telecommunications Research and Action Center v. Federal Communications Commission*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("The All Writs Act is not an independent grant of jurisdiction to a court; it merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief.")). Thus, petitioner must file this matter in D.C. Superior Court.

Accordingly, the petition will be dismissed without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Dated: 5/14/2021

TREVOR N. McFADDEN
United States District Judge